UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CRESCENT SOCK COMPANY, <br> Plaintiff, <br> <br> v. <br> <br> WALTERS & MASON RETAIL, INC., <br> d/b/a ALTAR'D STATE, <br> <br> Defendant. | Case No. _____ |

## COMPLAINT

### I. JURISDICTION

1. This action arises under the copyright laws of the United States, *17 U.S.C. § 101, et seq.*

2. This court has subject matter jurisdiction of this action under *28 U.S.C. § 1331 and 1338.*

3. Venue is appropriate pursuant to *28 U.S.C. § 1391.*

### II. THE PARTIES

4. Plaintiff, Crescent Sock Company, is a Tennessee corporation with principal place of business in Niota, Tennessee.

5. Defendant, Walters & Mason Retail, Inc., is a Tennessee corporation with principal place of business at 150 West Church Avenue, Maryville, Tennessee, 37801-4936. It may be served with process through its Registered Agent, Bryan K. Mason, at that same address.

## III. CLAIM FOR RELIEF

6. Prior to June 1, 2021, Plaintiff created an original work of art known as "Cookie Crumble." Please see Exhibit A attached hereto (hereafter the "Work").

7. That copyrighted design is wholly original with Plaintiff and consists of copyrightable subject matter pursuant to the laws of the United States.

8. Plaintiff has obtained U.S. Copyright Registration No. VA0002368092 as of October 26, 2023, for the Cookie Crumble Work. See Exhibit B hereto.

9. That copyrighted Cookie Crumble Work states in capital letters in red "CONFIDENTIAL/PROPRIETARY".

10. That Work further states that:

> THIS DOCUMENT, INCLUDING THE INFORMATION CONTAINED IN IT, IS THE PROPRIETARY AND CONFIDENTIAL INFORMATION OF CRESCENT SOCK COMPANY ("CRESCENT") AND MAY NOT BE REPRODUCED, COPIED IN WHOLE OR IN PART, ADAPTED, MODIFIED, DISCLOSED TO OTHERS, OR DISSEMINATED WITHOUT THE PRIOR WRITTEN PERMISSION OF CRESCENT. TITLE IN AND TO THIS DOCUMENT, INCLUDING ALL INFORMATION RETAINED IN IT, REMAINS AT ALL TIMES IN CRESCENT.

11. That Work further contains the following visible copyright notice:

Copyright © 2021 Crescent Sock Company. All rights reserved.

12. Plaintiff began producing socks bearing that Work in 2021 and sent samples of those socks to Defendant on or about July of 2021.

13. Thereafter, Plaintiff produced socks bearing the Work for Defendant in both 2021 and 2022.

14. In 2023, Defendant ceased purchasing socks bearing the Work from Plaintiff. Instead, Defendant wrongfully, knowingly and intentionally began selling its own wrongfully copied socks bearing an identical design to the Work.

15. Plaintiff at all times has been and still is the sole proprietor of all rights, title, and interest in and to the copyrighted Work.

16. Since some time in 2023, Defendant has infringed Plaintiff's copyright by manufacturing, publishing, offering for sale, and selling, without Plaintiff's consent, socks imprinted with a reproduction of the Work that is a direct copy of Plaintiff's Work, or at very least is substantially similar thereto.

17. Attached hereto as part of Exhibit C is a copy of Defendant's infringing reproduction of the Work on Defendant's socks.

18. The actions of Defendant as set forth above constitute unfair trade practices and unfair competition.

19. The actions of Defendant as set forth above have caused irreparable damage and harm to Plaintiff which cannot be remedied by monetary damages, with that damage being both immediate and irreparable.

20. On or about October 5, 2023, Plaintiff sent to Defendant the correspondence attached hereto as Exhibit C, advising Defendant of its infringement, and requesting a response by a date certain.

21. Defendant ignored Plaintiff's correspondence and did not respond.

22. On or about November 16, 2023, Plaintiff sent out a second letter to Defendants attached hereto as Exhibit D. Defendant's counsel has acknowledged receipt, with no substantive response.

23. Plaintiff has gone to great expense in developing its copyrighted Work "Cookie Crumble," and in promoting its sale.

24. As a result of Plaintiff's expenditures of time, money and skill in the development and promotion of its copyrighted design as utilized on its socks, Plaintiff's design and socks have acquired a substantial market value and goodwill. Upon information and belief, despite being warned by Plaintiff in Plaintiff's letters, Exhibits C and D, Defendant is still selling its socks bearing Plaintiff's copyrighted Work, and is an intentional and willful infringer.

25. Defendant's infringing design is unmistakably copied from Plaintiff's original design, as the design for sale on Defendant's website shares nearly identical colorways and patterns to the original Work produced by Plaintiff.

26. The goods upon which Defendant has placed the Work are the same as the goods upon which Plaintiff placed the same Work, namely socks.

27. To the extent there are minute and insubstantial variations, the Defendant's product, when viewed by a reasonable consumer, is likely to be confused with Plaintiff's product.

28. By its acts, Defendant has taken advantage of Plaintiff's knowledge, skill, and goodwill, and has capitalized on the market Plaintiff created for its design.

29. By its use of a combination of design and color commercially indistinguishable from Plaintiff's own, Defendant will be able to pass off and sell its apparently inferior and less costly products.

30. Defendant has taken advantage of the confusion it has created by copying and offering its copy of Plaintiff's Work in the very same season that Plaintiff sells its original design.

31. Defendant has misappropriated the benefits of Plaintiff's skill, expertise, expenditures, and goodwill by copying Plaintiff's original design.

32. Defendant's actions in selling Plaintiff's original Work constitutes inequitable conduct, unfair trade practices, and unfair competition, and such actions have caused irreparable injury to Plaintiff such that Plaintiff's market has been greatly reduced, and such injury will continue so long as Defendant continues to market and sell the copyrighted design.

## IV. PRAYER FOR RELIEF

Wherefore, Plaintiff prays as follows:

A. That Defendant, its agents, employees, and servants be temporarily restrained and then enjoined, preliminary and then permanently, from infringing the copyright of Plaintiff in any manner and from publishing, selling, marketing, or otherwise disposing of any goods imprinted with a design copied from Plaintiff's Work.

B. That Defendant be required to pay Plaintiff its actual damages that Plaintiff has sustained as a result of Defendant's infringement of the Work and Defendant's willful wrongful actions, believed to be at least $100,000.00.

C. That Defendant be required to account for and disgorge to Plaintiff:

i.  All gains, profits, and benefits derived by Defendant due to its willful wrongful conduct, and

ii. All gains, profits, and benefits derived by Defendant from its infringement of Plaintiff's copyright, and those damages that otherwise are proper pursuant to *17 U.S.C. § 101, et. seq.*

D.  That Defendant be required to deliver up to be impounded during the pendency of this action all copies of any products bearing any reproduction of the Work in its possession or under its control and to deliver up for destruction all infringing copies and all plates, molds, and other matter for making the infringing copies, pursuant to *17 U.S.C. § 503*.

E.  That Defendant pay to Plaintiff the costs of this action and its attorney's fees pursuant to any applicable law;

F.  That Plaintiff have all other just relief to which it may be entitled.

Respectfully submitted,

GRANT, KONVALINKA & HARRISON, P.C.

By: s/Mathew D. Brownfield
Mathew D. Brownfield, BPR #010921
*Attorneys for Plaintiff*
633 Chestnut Street, Suite 900
Chattanooga, Tennessee 37450-0900
423-756-8400
423-756-6518 (fax)
mbrownfield@gkhpc.com